KAPIOLANI MEDICAL CENTER FOR WOMEN AND CHILDREN,
Plaintiff,

v.

The State of HAWAII, as a State of the Federal Union; the Honorable Benjamin J. Cayetano, in his Official Capacity as the Governor of the State of Hawaii; and Peter B. Carlisle, in his Official Capacity as the Prosecuting Attorney of the City and County of Honolulu, State of Hawaii, Defendants.

No. CV. 99–00895 DAE.

United States District Court,
D. Hawai'i.

March 14, 2000.

Dismissed Pursuant to Stipulation
June 22, 2000.

ORDER GRANTING DEFENDANT PETER B. CARLISLE'S MOTION TO ALTER OR AMEND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DAVID ALAN EZRA, Chief Judge.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

On February 7, 2000, Defendant filed a motion, which all parties joined, to alter or amend this court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment ("SJ Order"). Defendant requested that the court amend the following portion of the SJ Order: "declares Hawaii Revised Statutes Chapter 379–2 unenforceable as it applies to private employers and private third party employment or recruitment agencies." It seeks to amend the SJ Order to read, "declares Hawaii Revised Statutes Chapter 379–2 unenforceable as it applies to Private employers covered by the NLRA and private third party employment or recruitment agencies in their dealings with employers covered by the NLRA."

Defendant bases this Motion on the argument that the court ruled that HRS Chapter 379–2 is unenforceable because it is preempted by the NLRA, which does not cover all private employers. Thus, the SJ Order should only cover those employers that fall under the NLRA. The court agrees with this argument and amends the SJ Order accordingly. Consequently, the court GRANTS Defendant's Motion and amends the above portion of the SJ Order to read as follows: "declares Hawaii Revised Statutes Chapter 379–2 unenforceable as it applies to private employers covered by the NLRA and private third party employment or recruitment agencies in their dealings with employers covered by the NLRA."

IT IS SO ORDERED.